HENRY JOHNSON, JR., v. THE STATE.

*No. 124.  Decided April 19.*

**Malicious Prosecution.**—A conviction for malicious prosecution can not be maintained, although the evidence may show that such prosecution was instituted with legal malice, and though defendant may have been actuated by a spirit of malice and revenge, and with a desire to vex and harass, if probable cause existed to believe the offense charged had been committed by the party prosecuted. Following Dempsey v. The State, 27 Texas Criminal Appeals, 269.

APPEAL from the County Court of Navarro.  Tried below before Hon. JOHN H. RICE, County Judge.

Appellant was tried under an information charging him with the malicious prosecution of one Tobe Zollicoffer in the Justice Court, precinct number 5, Navarro County, for unlawfully carrying a pistol.  At his trial appellant was convicted, and his punishment assessed at a fine of $100.

The facts are sufficiently stated in the opinion.

*E. O. Call* and *J. F. Stout*, for appellant.—The evidence in this case showed that the defendant had good ground for making the complaint against Tobe Zollicoffer.   Dempsey v. The State, 27 Texas Cr. App., 269; Reed v. The State, 29 Texas Cr. App., 449.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of malicious prosecution, and his punishment assessed at a fine of $100.   Appellant made complaint against one Zollicoffer, before a justice of the peace, charging him with unlawfully carrying a pistol on and about his person.  For making this complaint the State prosecuted him to conviction, because, it is contended by the State, he acted maliciously, and with the intent to harass, vex, and injure Zollicoffer.

That Zollicoffer carried the pistol as charged in the complaint is clearly shown.   That appellant frequently (after making the complaint) stated that he was prompted by prejudice and revenge is also shown.   He also endeavored to secure the discharge of Zollicoffer by testifying to facts which, if true, were very powerfully calculated to have that effect.   This sudden change from the attitude of an enemy to that of a friend is very satisfactorily accounted for in the record.   One Horne had made complaint against him for the same offense.  Appellant believed, and so stated, that Zollicoffer had induced him to do so.   Now, in the language of his uncle, a witness, "When all the witnesses got to Dresden, where Tobe's examining trial was going to be had, defendant and Tobe made up, and got on friendly terms;" and, we add, defendant was ready to swear Zol-

licoffer out of all danger of being required to give bond for his appearance at the County Court.    Appellant no doubt expected from the other side like favors.    Be this as it may, there was not only probable cause for the institution of the prosecution, but the clearest proof that Zollicoffer had carried the pistol unlawfully; hence this prosecution can not be sustained, though appellant may have been actuated by a spirit of revenge, and with a desire to vex, harass, and injure Zollicoffer.    See this subject discussed by Judge Willson in Dempsey v. The State, 27 Texas Criminal Appeals, 269.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.